# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>BOBBY MEDINA | No. 3:05-cr-58 (SRU) |

## ORDER ON MOTION FOR RECONSIDERATION

On July 17, 2019, I granted Bobby Medina's Motion for Relief Pursuant to the First Step Act. *See* Ruling on FSA Relief, Doc. No. 1466. In doing so, I determined that Medina's conviction for conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine and five kilograms or more of powder cocaine was a "covered offense" and, therefore, he was entitled to relief. *See id.* at 3-8. Further, I concluded that Medina was entitled to a resentencing on all three counts of conviction, even though two were not "covered offenses." *See id.* at 9-12. Medina's resentencing has been scheduled for August 12, 2019. The government now moves for reconsideration of that ruling, arguing that I erred in determining that Medina was eligible for relief. Mot. for Reconsid., Doc. No. 1469. I disagree and, therefore, the Motion for Reconsideration is **denied**.

Motions for reconsideration require the movant to set forth "concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c).[1] "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted). "[T]he standard for granting a …

---

[1] Local Civil Rule 7(c) applies to criminal cases as well. *See* D. Conn. L. Crim. R. 1(c).

motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys*, 684 F.3d at 52. (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Many of the government's assertions stem from its argument that Medina only allocuted to a conspiracy involving powder cocaine, although he was charged with a conspiracy involving both powder cocaine and crack cocaine, and, therefore, he was not convicted of and sentenced for a covered offense. *See* Motion to Reconsider, Doc. No. 1469. Specifically, the government argues that I erred: in finding that Medina was entitled to relief despite the record of the plea colloquy revealing that Medina only pled guilty to the powder cocaine offense; in failing to consider that the statute of conviction controls eligibility, not merely the statutory violation listed in the indictment; and in failing to consider case law that failure to admit to crack cocaine involvement negates First Step Act eligibility. *Id*. at 1-2. The government opposed Medina's motion for relief primarily on those grounds and, therefore, I thoroughly considered those arguments in deciding whether to grant Medina's motion. *See* Opp. to Mot. for FSA Relief, Doc. No. 1459. I recognized in my ruling that Medina did not expressly allocute to the amount of crack cocaine listed in the indictment, however, the indictment, the transcript of the sentencing, and the Judgment all reflect that Medina was still charged with, convicted of, and sentenced to a crack cocaine offense. *See* Ruling on FSA Relief, Doc. No. 1466 at 2, n. 1; *id*. at 6-8;

Superseding Indictment, Doc. No. 419; Sent. Tr., Doc. No. 1458-1 at 2; Judgment, Doc. No. 1017.

Further, contrary to the government's assertion, my ruling expressly stated that the statute *of conviction* controls eligibility. *See* Ruling on FSA Relief, Doc. No. 1466 at 5 ("'it is the statute of conviction, not the actual conduct, that controls eligibility'") (quoting *United States v. Allen*, 2019 WL 1877072, at *3 (D. Conn. Apr. 26, 2019)). Beyond simply noting that proposition, however, I also applied it. The government seems to have a very narrow interpretation of the term "statute of conviction," with which I simply do not agree. First Step Act eligibility is determined by the statute with which the defendant was charged in the indictment. *See United States v. Opher*, 2019 WL 3297201, at *11-12 (D.N.J. July 23, 2019) ("The thrust of [section 404] of the First Stem Act is sentence reform; eligibility springs from a 'covered offense,' not from being a 'covered offender.'"). The "statute of conviction" here is 21 U.S.C. § 841(b)(1)(A) because Medina was charged with a violation of that section, allocuted to a violation of that section, and was sentenced for a violation of that section. *See* Indictment, Doc. No. 419 at 3 (count one "contrary to the provisions of [21 U.S.C. §§] 841(a)(1) and 841(b)(1)(A) … [and] 846"); Plea Tr., Doc. No. 1459-1 at 7 (government stating that Medina was charged with violation of sections 846 and 841(b)(1)(A)); Sentencing Tr., Doc. No. 1458-1 at 2 (noting that Medina plead guilty on count one to a violation of sections 846, 841(a)(1), and 841(b)(1)(A)); Judgment, Doc. No. 1017 at 1 (Medina adjudicated guilty of a violation of sections 846, 841(a)(1), and 841(b)(1)(A)).

With respect to his plea allocution, Medina pled guilty to a violation of sections 846 and 841(b)(1)(A). His allocution, which focused on powder cocaine, was sufficient to satisfy each element of the charged offenses. *See* Plea Tr., Doc. No. 1459-1 at 28-29 (government agreeing

3

with the court that Medina need only allocute to crack or powder cocaine for count one). Count One was a conspiracy charge; the elements of that charge are met by an agreement to distribute crack cocaine and powder cocaine, even if Medina did not actively sell crack cocaine. Moreover, as Medina stated in his opposition to government's Motion to Reconsider, a court may rely on any fact in the record to determine whether there was a factual basis for the plea. *See* Opp. to Mot. to Reconsider, Doc. No. 1475 at 11 (citing *Godwin v. United States*, 687 F.2d 585, 590 (2d Cir. 1982)).

There was ample evidence in the record to establish that Medina was, in fact, a member of the crack cocaine conspiracy. Simply put, Medina's "statutes of conviction," therefore, are sections 846 and 841(b)(1)(A), the penalties for which were changed by the Fair Sentencing Act. It appears that the government fundamentally disagrees with my determination that the statute of conviction here includes the crack cocaine offense. *See* Doc. No. 1017. That is not, however, grounds for reconsideration because I fully considered the government's arguments and simply do not agree that the cocaine offense should control.

The government argues in the alternative that even if Medina was convicted of a crack cocaine offense, I failed to consider case law holding that First Step Act relief is not available to a defendant who was convicted of a multiple-drug conspiracy where the non-crack cocaine substance triggered the same penalties. Mot. to Reconsider, Doc. No. 1469 at 1. Again, the government seems to be taking issue with my interpretation of the breadth of relief granted by the First Step Act. I acknowledge that there are other courts that have decided not to grant First Step Act relief to defendants, like Medina, who were convicted of multi-drug conspiracies where the statutory penalties for the drug quantities were equal and only one was amended by the Fair Sentencing Act. *See* Mot. to Reconsider, Doc. No. 1469 at 3-4. I am not, however, bound by

those decisions and I respectfully disagree with the results reached, which limit the relief available under the First Step Act.

I interpret the First Step Act broadly, as I must, and, in doing so, determined that Medina was convicted of an offense involving 50 grams or more of cocaine base, the statutory penalties for which were amended by the Fair Sentencing Act, making it a covered offense. As stated in my ruling, the First Step Act should be "construed in favor of broader coverage" and "[i]gnoring the crack cocaine portion of Medina's conviction in favor of the powder cocaine portion would not serve the [remedial] purpose of the Act … of mitigating the unfairness created by the crack-to-powder cocaine ratio." Ruling on FSA Relief, Doc. No. 1466 at 6-7 (citations omitted). The government may disagree with that interpretation, but it has not shown that I overlooked controlling decisions or data, nor that my decision to grant Medina's motion for relief was clear error or will lead to a manifest injustice. Accordingly, the government is not entitled to a "second bite at the apple" simply because it disagrees with me regarding the breadth of relief provided by the First Step Act.

For those reasons, the government's Motion for Reconsideration (doc. no. 1469) is **denied.**

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of August 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge